NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

STATE OF ARIZONA, *Appellee,*

*v.*

SKYLER WRIGHT, *Appellant.*

No. 1 CA-CR 21-0005
FILED 6-2-2022

Appeal from the Superior Court in Maricopa County
No. CR 2019-006584-001
The Honorable Stephen M. Hopkins, Judge

**AFFIRMED**

COUNSEL

Arizona Attorney General's Office, Phoenix
By Linley Wilson
*Counsel for Appellee*

Maricopa County Public Defender's Office, Phoenix
By Mark E. Dwyer
*Counsel for Appellant*

Skyler Wright, Mesa
*Appellant*

**MEMORANDUM DECISION**

Presiding Judge Jennifer B. Campbell delivered the decision of the Court, in which Judge Randall M. Howe and Judge James B. Morse Jr. joined.

**C A M P B E L L**, Judge:

¶1 This appeal is presented to us pursuant to *Anders v. California*, 386 U.S. 738 (1967), and *State v. Leon*, 104 Ariz. 297 (1969). Defense counsel has searched the record on appeal and advised us there are no meritorious grounds for reversal. Skyler Wright was given the opportunity to file a supplemental brief and has done so. Our obligation is to review the entire record for reversible error, *State v. Clark*, 196 Ariz. 530, 537, ¶ 30 (App. 1999), viewing the evidence in the light most favorable to sustaining the conviction and resolving all reasonable inferences against Wright. *State v. Guerra*, 161 Ariz. 289, 293 (1989).

¶2 In August 2018, Wright responded to a Craigslist ad posted by the Mesa Police Department as part of a sting operation, intended to reduce the demand of child sex trafficking and prostitution online. The ad stated: "Talked to a nice male the other day at Starbucks about teaching my kids. I lost your number. . . . Hope you are here!!! Please reply. I need help! And you were so nice!" Wright responded to the ad and began communicating via email and text messages with an undercover police officer who was pretending to be the mother of a minor girl. The undercover officer asked if Wright was okay with condoms and if he would be able to help them out financially, and Wright agreed to both.

¶3 Later that day, Wright agreed to go to the undercover officer's home to meet the "daughter." The home was a rental property used by Mesa Police for sting operations, equipped with video surveillance equipment and interview rooms. When Wright arrived, he spoke with the undercover officer and met the "daughter." The undercover officer asked about Wright's sexual experiences and whether he would be willing to help her with money. Wright indicated that he was interested in dating the "daughter" and eventually engaging in sexual conduct with her. The undercover officer then gave an arrest signal, and Wright was taken into custody.

¶4             The State charged Wright with one count of solicitation to commit child sex trafficking and one count of attempted money laundering, both class four felonies. *See* A.R.S. §§ 13-3212, -2317, -1002, -1001. Wright waived his right to a trial by jury and the judge found his waiver to be knowing, voluntary, and intelligent. A two-day bench trial was held. The State introduced testimony from the undercover officer pretending to be the "mother," and another detective who subsequently interviewed Wright. The State also introduced evidence of Wright's emails, text messages, and phone calls with the undercover officer, as well as video recordings of Wright meeting the undercover officer and the "daughter," his arrest, and interview. The judge found Wright guilty of both charges and a sentencing hearing was held on December 17, 2020.[1] Wright was placed on four years of supervised probation.

¶5             Wright's counsel filed a notice of appeal, but the following month filed a motion to withdraw as counsel, which the superior court granted. Wright moved to appear as indigent but did not submit the required affidavit of financial information, and the court denied his motion. As a result, the court of appeals dismissed Wright's appeal due to lack of counsel and failure to make financial arrangements for transcripts of the record. Wright then filed a second motion to proceed as indigent, this time including the required affidavit. The superior court granted his motion to proceed and we issued an order reinstating Wright's appeal and appointing counsel for him.

¶6             Wright filed a supplemental pro per brief. He argues that the evidence does not support his conviction for solicitation or attempt, as defined by §§ 13-1001 and -1002, and the judge abused his discretion in finding Wright guilty of the charged offenses. He contends that there was no explicit statement that he would engage in sexual conduct with the minor, and that he never agreed to a fee arrangement or to exchange any other valuable consideration. The evidence showed, however, that Wright responded to a Craigslist ad about teaching the undercover officer's "daughter." He knew the "daughter" was 14 years old, and that he told the undercover officer that he wanted to have sex with the "daughter" down the road. The sexual nature of this exchange is further supported by his acquiescence that he was okay with using condoms. After the discussion of

---

[1]     An initial sentencing hearing was held on December 1, 2020 but was rescheduled to allow the parties to negotiate the terms of probation, specifically whether Wright could be required to register as a sexual offender, whether there should be any incarceration requirement, and an assessment for the address confidentiality program.

the sexual education of the "daughter," Wright agreed to give the undercover officer money at some point in the future.

¶7        After a thorough review of the record, we find no reversible error. *Clark*, 196 Ariz. at 541, ¶ 50. The record reflects Wright was present and represented by counsel at all critical stages of the proceedings against him. The evidence presented supports the convictions, and the sentences imposed fall within the range permitted by law. As far as the record reveals, these proceedings were conducted in compliance with the Arizona Rules of Criminal Procedure and Wright's constitutional and statutory rights. Therefore, we affirm Wright's convictions and sentences.

¶8        Unless defense counsel finds an issue that may be appropriately submitted to the Arizona Supreme Court, his obligations are fulfilled once he informs Wright of the outcome of this appeal and his future options. *State v. Shattuck*, 140 Ariz. 582, 584–85 (1984). Wright has 30 days from the date of this decision to proceed, if he wishes, with a pro per motion for reconsideration or petition for review.



AMY M. WOOD • Clerk of the Court
FILED:    AA

4